SUNBRIGHT FASHIONS, INC., Respondent, *v.* GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant.

First Department, May 26, 1970.

236

*Simon Greenhill* of counsel (*Michael L. Ingram* with him on the brief; *Greenhill & Speyer,* attorneys), for appellant.

*Isidore Sapir* for respondent.

STEUER, J. Plaintiff sues on a policy of insurance against theft. The loss claimed is for merchandise on the premises of plaintiff's contractor and the value fixed is $30,000, the limit of the policy. About one fourth in value of the merchandise alleged to have been stolen consisted of an item of 1,496 skirts. As to these the plaintiff's president testified under oath on an examination had pursuant to the policy. His testimony was that these skirts had been cut and sent to another contractor for sewing. The contractor returned them, ostensibly having completed the operation. Plaintiff thereupon sold them to several customers. All of these returned the skirts for defects in the sewing and plaintiff then sent them, to have the defective sewing corrected, to the contractor from whom they were allegedly stolen. The witness substantiated his testimony by submitting documents, including the truckman's receipts for delivery to and from the original contractors, invoices of the sales to the customers, and copies of the credit memoranda issued to those customers. On an adjourned date the witness admitted that this version of the history of the skirts was completely false and that the supporting documents had been made up for the purposes of the claim. The skirts had not been sewn by the contractor, had never been sold and, of course, never returned and credited. They had in fact been acquired at a much earlier date from a predecessor corporation. The witness further conceded that other parts of his testimony were untruthful.

The policy contained the following provision: " This entire policy shall be void if the Assured has concealed or misrepresented in writing, or otherwise, any material facts or circumstances concerning the insurance or the subject thereof, or if the Assured shall make any attempt to defraud the Company either before or after loss.''

On these facts the defendant moved for summary judgment. Plaintiff admits the falsity of the testimony and that it was repeated in answers to a set of interrogatories. Plaintiff claims that nevertheless the skirts were on the premises of the contractor and were stolen.

Special Term denied the motion on the ground that there were issues of fact as to whether there was an intent to defraud. We see no such issue. While it is true that unintentional fraud or false swearing or the statement of any opinion mistakenly held are not grounds for vitiating a policy (*Domagalski* v. *Springfield Fire & Mar. Ins. Co.,* 218 App. Div. 187, 189), it is impossible to conceive of the false swearing here as being mistaken or unintentional. The concoction of the elaborate falsehoods plus the manufacture of spurious documents to support them precludes mistake and establishes intent. The feeble attempt in conclusory terms to put the blame on unnamed subordinates does not raise an issue (see *Hyland* v. *Millers Nat. Ins. Co.,* 58 F. 2d 1003, 1006, affd. 91 F. 2d 735). In fact, the opposing affidavit of the president never denies that he knew that the documents were false and the story completely without basis in fact.

It is argued that despite the fact that this was fraudulently presented, it does not void the policy because it only affects a portion of the claim and, secondly, because the goods to which the fraud referred were in fact stolen. Neither of these arguments is sound. According to its terms the whole policy is vitiated (*Saks & Co.* v. *Continental Ins. Co.,* 23 N Y 2d 161). As to the second contention, it is an open question whether these skirts were a part of the goods stolen. It cannot be fairly contested that the object of the fraud was to mislead the insurer into a belief that there was conclusive proof that the skirts were on the premises of the second contractor and thereby to forestall further inquiry along that line. It is not to be assumed that such an elaborate scheme had no purpose at all; and in the absence of any explanation, the obvious purpose must be deemed established.

The order entered herein September 30, 1969, should be reversed on the law and the motion for summary judgment granted with costs to appellant.

238

McGivern, J. P., Markewich and Bastow, JJ., concur.

Order entered on September 30, 1969, unanimously reversed, on the law with $50 costs and disbursements to the appellant, and the motion for summary judgment granted.