(March 22, 1983)

■ MARSHA KLEIN, Appellant, v MOUNT SINAI HOSPITAL, Defendant, and REUBEN HOPPENSTEIN, Respondent. — Appeal from order of the Supreme Court, New York County (Blyn, J.), entered on September 22, 1981, which confirmed the report of the referee, dismissed the complaint as against defendant Dr. Reuben Hoppenstein and severed the causes of action against him from the remaining causes of action against defendant Mt. Sinai Hospital, and denied plaintiff's cross motion for leave to renew and reargue her motion to strike the fourth affirmative defense of defendant Hoppenstein, is dismissed, without costs, as subsumed in the appeal from the judgment. Judgment of the Supreme Court, New York County, entered on January 18, 1982, which dismissed the complaint as against defendant Hoppenstein, and order of the Supreme Court, New York County, entered on or about August 9, 1982, which denied plaintiff's motion to vacate both the order of September 22, 1981 and the judgment entered thereon on January 18, 1982, are affirmed, without costs. A traverse was held to determine whether defendant Hoppenstein was served with process on May 29, 1979. Documentary evidence was submitted which showed that the defendant and his wife were in Europe on the date the process server claimed to have made service. Special Term therefore providently confirmed the referee's report and denied plaintiff's motion to dismiss the affirmative defense of lack of jurisdiction. In addition, the statement, in the stipulation extending the time to answer, in which defendant acknowledged "proper service and jurisdiction," was written by plaintiff's counsel. Defendant did not sign the stipulation or in any way accede to this condition unilaterally inserted by plaintiff. In any event, Special Term rejected this "waiver" argument by plaintiff in its order of August 28, 1980. As the court correctly observed in its decision of July 24, 1981, when it confirmed the referee's report, "[p]laintiff's counsel instead of acting at the time of this court's decision dated August 28, 1980 either for leave to reargue or renew argument * * * or to appeal therefrom, waited to determine whether the Referee's report * * * would be favorable to plaintiff." Concur — Murphy, P. J., Sullivan, Asch and Alexander, JJ.

Kupferman, J., dissents in a memorandum as follows: The issue is whether the court had jurisdiction over the defendant-respondent physician in this malpractice action. The referee having found that the service was insufficient, the only basis for jurisdiction is the fact that counsel for the defendant-respondent asked for an extension of time in which to serve an answer. Counsel for the plaintiff in granting an extension of over one month specifically struck from the extension of time stipulation the words "or to make any motion" and added instead the words "and proper service and jurisdiction is hereby admitted" and returned the stipulation as so modified to the defendant-respondent's counsel who retained it. Under the *Barasch-Eaton* rule (*Barasch v Micucci*, 49 NY2d 594; *Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900), there would have been a default by the defendant-respondent without this extension of time. Accordingly, a portion of a stipulation cannot be relied upon while the condition thereof is ignored. In fact, a trilogy of articles entitled

"The Urgency of Timing the Adjudication of Jurisdictional Objections" by Professor David D. Siegel in the New York State Law Digest (Nos. 274-276, Oct.-Dec., 1982) suggests the very procedure followed by counsel for the plaintiff as a protective device in granting a courtesy extension of time. (See *id.*, No. 276, p 2, col 1.)