■ DEITSCH TEXTILES, INC., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Appellants. (Action No. 1.) MONEZEL HOLDING CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. (Action No. 2.) — In two consolidated actions to recover payments under insurance policies, defendants in Action No. 1 appeal

from (1) an order of the Supreme Court, Kings County (Lawrence, J.), dated August 5, 1981, which set aside the original verdict in favor of the plaintiff in Action No. 1, on the ground of inadequacy, severed the two actions and directed a new trial on the issue of damages in Action No. 1, (2) an order of the same court (Morton, J.), dated May 20, 1982, which denied defendants' motion, following retrial in Action No. 1 to set aside the verdict and (3) a judgment of the same court (Morton, J.), entered June 10, 1982 in favor of plaintiff in Action No. 1 in the principal sum of $170,000, and defendant in Action No. 2 appeals from a judgment of the same court (Lawrence, J.), entered September 14, 1981, which was in favor of the plaintiff in Action No. 2 in the principal sum of $200,000. Appeals from the orders dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgments reversed, on the law, and new trial granted as to all issues. Defendants are awarded one bill of costs. When these actions were originally tried, the trial court granted a motion to dismiss the defendants' fourth affirmative defense, pleaded in both actions, which sought to vitiate coverage by reason of the alleged fraudulent exaggeration of the damage claim of the insured, pursuant to a clause contained in both policies herein involved. Specifically, the fraudulent exaggeration alleged at trial and now on appeal involves the value of the loss of Deitsch Textiles, Inc., the plaintiff in Action No. 1. The proof adduced at trial presents a question of fact in this regard and the defense should not have been precluded as a matter of law. Moreover, in view of the fact that the principal of both plaintiff corporations in the two actions is the same individual, that he is the sole shareholder in each corporation, that the policies issued in each instance were issued, in essence, to cover a single loss (a building, Action No. 2, and its contents, Action No. 1), and that all the damage claimed in both actions arises out of the same fire, this defense, if proven, must preclude coverage under both policies. The identity of the plaintiff in each action cannot be ignored, and a fraud perpetrated against the same defendant insurer with regard to what is in essence the same loss must, we think, be deemed all pervasive. Mangano, J. P., O'Connor, Brown and Rubin, JJ., concur.