*866 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Defendant’s attorney sent plaintiff’s attorney a letter enclosing a proposed stipulation extending the time to file an answer or make a motion to dismiss. Plaintiff’s attorney signed the stipulation and returned it, after modifying it by striking the provision for making a motion to dismiss and by adding a provision admitting the propriety of service and jurisdiction. Thereafter, defendant’s attorney filed an answer which asserted as an affirmative defense that plaintiff had not obtained jurisdiction over the defendant. Plaintiff contends that the dismissal of her complaint on that basis was erroneous, because defendant, by relying upon the terms of the stipulation beneficial to him, should be deemed to have waived the defense of lack of personal jurisdiction, or, at the very least, should be estopped from asserting that defense.
We conclude that the purported agreement did not amount to a valid stipulation upon which plaintiff could rely to preclude defendant’s assertion of the lack of jurisdiction or extend his time to answer. A stipulation concerning any matter in an action is not binding unless it is made in open court between counsel, contained in a writing subscribed by the party or his attorney, or reduced to the form of an order and entered (CPLR 2104). The claimed stipulation is not binding upon defendant, because he did not sign it as modified. Accordingly, there was no bar to inclusion of the jurisdictional defense in the answer. Although defendant’s answer was untimely, plaintiff never moved for a default judgment on this basis.*
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.

 Even if plaintiff had obtained a default judgment, it would have been open to defendant to move for vacatur on the ground of lack of personal jurisdiction.