■ MICHAEL AYTCH, Respondent, v YELLOW FREIGHT SYSTEMS, INC., ET AL., DEFENDANTS, AND BRUCE HOFFMAN et al., Appellants. — Order of the Supreme Court, New York County (Ascione, J.), entered on September 12, 1983, which, *inter alia,* denied defendants Bruce Hoffman's and Roberto Diaz' motion for an order dismissing the complaint as against them pursuant to CPLR 3211 (subd [a], par 8), unanimously reversed, on the law, to the extent appealed from, and said defendants' motion to dismiss the complaint is granted, without costs. ¶ Plaintiff was an occupant in an automobile owned and registered in California by defendant Bruce Hoffman, and operated by defendant Roberto Diaz. The automobile was under bailment with defendant AAACON Auto Transport, Inc., by Hoffman, who was a resident of California and who had given possession of the car to AAACON in Los Angeles to have it driven to Connecticut. Defendant Roberto Diaz was a resident of Bridgeport, Connecticut, and prior thereto had resided in California. He obtained the Hoffman vehicle from AAACON to be driven to Connecticut. He, one John Wyatt and plaintiff were in the car when it collided into a stationary, jackknifed tractor trailer, owned by defendant Yellow Freight Systems, Inc. and driven by defendant John Kobister, on Interstate 80 in Pennsylvania on December 22, 1981. ¶ Plaintiff served the summons and complaint upon Hoffman in Los Angeles on January 29, 1983, and upon defendant Diaz, first by mail at 79 Fairview Avenue, Bridgeport, Connecticut, on January 17, 1983, and a second time by delivery to his brother at 1425 Capital Avenue, Bridgeport, Connecticut, and a subsequent certified mailing to that address. ¶ On March 15, 1983, defendants Hoffman and Diaz, represented by present counsel, made a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8), alleging that since both were non-New York domiciliaries and that the alleged tortious activities occurred outside New York, there was no basis for assertion of jurisdiction over them. Plaintiff cross-moved for a default judgment on the ground that defendants had not answered within 30 days after service of process or by the deadline fixed by stipulations between counsel and therefore defendants' motion to dismiss was procedurally barred by the stipulations which were alleged to have waived any jurisdictional defense or motion based upon a jurisdictional defense. Defendants then "cross-cross-moved" to vacate any alleged default and to compel plaintiff to accept a proposed answer containing, as an affirmative defense, lack of personal jurisdiction, failure to

allege facts sufficient to comply with CPLR 301 or 302, and improper service. ¶ By decision dated August 31, 1983, Special Term denied defendants' motion to dismiss the complaint and plaintiff's cross motion for a default judgment. It granted defendants' "cross-cross motion" only to the extent of extending leave to defendants to serve their proposed answers except with respect to the affirmative jurisdictional defense, which was stricken. The court found the defendants were not in default because their CPLR 3211 (subd [a], par 8) motion to dismiss was made prior to the expiration of the time to which their time to answer had been extended by the stipulation. However, the court found defendants had waived all personal jurisdiction defenses by virtue of a stipulation dated February 4, 1983, applicable to both defendants. Had defendants' attorney read the stipulation when returned after having been executed by plaintiff's attorney on February 16, 1983, the court noted, defendants could have immediately served the very answer now proposed asserting the jurisdictional defense. Having failed to take that course of action, defendants had waived the jurisdictional defense. ¶ This was error. The record shows defendants' attorney denied ever orally consenting to such a waiver. This denial was supported by the fact that plaintiff's attorney had offered an extension of time to answer in writing without conditions. Plaintiff's papers submitted at Special Term fail to specify the circumstances of the alleged agreement, including even the elemental identification of the party with whom such an agreement was made. A different typewriter was used to add the conditional and waiver language to the stipulation, which plaintiff's attorney impliedly admitted was done by its office. In addition, plaintiff's attorney failed to request defendants' attorneys to sign the stipulation which purported to waive defendants' jurisdictional defense. The stipulations failed to meet the requirements of CPLR 2104 since they were signed *only* by plaintiff's attorney and thus defendants cannot be bound thereby (see *Klein v Mount Sinai Hosp.*, 92 AD2d 807, affd 61 NY2d 865). ¶ Plaintiff further asserts that defendant Diaz executed an agreement with AAACON consenting to "service of process by mail anywhere in the United States, and to the jurisdiction of the Courts of New York." However, plaintiff was neither a party nor an intended third-party beneficiary of the agreement between Diaz and AAACON and cannot, therefore, rely upon it (see *Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652). Concur — Sandler, J. P., Sullivan, Asch, Silverman and Kassal, JJ.