**Martin FINE, William Becker and Philip Becker, individually, and William Becker and Philip Becker d/b/a Becker & Becker, all doing business as 649 Broadway Equities Co., Plaintiffs,**

v.

**BELLEFONTE UNDERWRITERS INSURANCE CO., Citibank, N.A., and Johana Zuckerman, Defendants.**

No. 80 Civ. 3747 (RWS).

United States District Court,
S.D. New York.

June 15, 1984.

Weg & Myers, P.C., and Brown & Seymour, New York City, for plaintiffs; Frank A. Weg, Dennis T. D'Antonio, Whitney North Seymour, Jr., New York City, of counsel.

Whitman & Ransom, New York City, for defendant Bellefonte Underwriters Ins. Co.; Herbert P. Polk, Robert S. Newman, New York City, of counsel.

## OPINION

SWEET, District Judge.

The January 3, 1984 opinion of the Court of Appeals reversed this court's judgment and remanded the case "with instructions to enter judgment for the defendant." The mandate was filed in the district court on May 7, 1984.

Plaintiffs have moved under Rule 59 and Rule 60(b)(1) and (6), Fed.R.Civ.P., to set aside the judgment and for a new trial, contending that this court should hold a new trial on the issue of the insured's wilfulness in making the false statements.

The New York law on the materiality of false swearing as declared by our Court of Appeals without reference to any current state authority is as follows:

> False sworn answers are material if they might have affected the attitude and action of the insurer. They are equally material if they may be said to have been calculated either to discourage, mislead or defeat the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate.

*Fine v. Bellefonte,* 725 F.2d 179 at 184 (2d Cir.1984).

Plaintiffs have alleged that if the court had found the false swearing to have been "knowingly and wilfully made, with intent to deceive the insurer," such finding would have constituted a "manifest mistake of fact." There was no such finding, only a finding that the testimony given was false.

While it might be argued that a further hearing is required to determine the insurer's subjective reaction to the false testimony, even the plaintiffs wisely have not urged that such an empty exercise be undertaken. Obviously by merely posing the questions, falsely answered, the insurer determined the "area [to be one] that might seem to the company, at that time, a relevant or productive area to investigate." *Fine,* at 184.

■ As this court understands the Court of Appeals' decision, any false swearing in an examination by an insurer in a "relevant or productive area" voids the policy. No further facts need be adduced to meet this standard.

■ Moreover, plaintiffs' request that this court grant a new trial on the wilfullness issue is not properly before this court. Plaintiffs have twice made exactly this request to the Court of Appeals, first in a petition for rehearing and then in a petition for rehearing *en banc.* Both petitions were denied. Thus, even after having twice heard plaintiffs' arguments concerning the wilfulness issue, the Court let stand its original decision, which stated:

> Bellefonte was entitled to prevail on its defense that false swearing by the insured voided the policy. The judgment of the district court is therefore RE-

VERSED. The case is remanded to the district court with instructions to enter judgment for the defendant.

At 184.

"The court of appeals' rulings are the law of the case, and the district court is bound to follow them; it has no jurisdiction to review or alter them." *Eutectic Corp. v. Metco, Inc.,* 597 F.2d 32, 34 (2d Cir.1979). The Court of Appeals has ruled, and plaintiffs have cited no material change of circumstances or newly discovered evidence so as to bring the case under the principle of *Standard Oil Co. v. United States,* 429 U.S. 17, 18, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976).

For these reasons, the motion for a new trial is denied. The clerk is directed to enter judgment dismissing the complaint.

**IT IS SO ORDERED.**