OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of Supreme Court appealed from and the prior order of the Appellate Division brought up for review should be reversed, the judgments of Supreme Court dated September 14, 1981 and June 10, 1982 should be reinstated, and the matter remitted to the Appellate Division, Second Department, for consideration of the facts. (See CPLR 5613.)
 

 We agree with plaintiffs that the Appellate Division erred in reinstating the defense of fraudulent proof in both actions.
 

 Two actions were brought against defendant insurance companies after a fire destroyed a Brooklyn commercial building: action No. 1 by tenant Deitsch Textiles, Inc. (Deitsch), for the building’s contents; and action No. 2 by owner Monezel Holding Corp. (Monezel) for the structure itself. Both actions were consolidated for trial, at which the affirmative defense of fraudulent exaggeration was dismissed against Deitsch and withdrawn against Monezel. After trial, the jury rendered verdicts of $68,016.18 in favor of Deitsch and $200,000, the stipulated value of the property, in favor of Monezel. In the Deitsch action, the court ordered a new trial as to damages unless defendant
 
 *1001
 
 stipulated to increase the verdict to $250,000. Defendant refused, and after a second trial, judgment was rendered for Deitsch in the principal sum of $170,000.
 

 The Appellate Division reversed both judgments on the law, reinstated the defense against both plaintiffs, and ordered a new trial. The court determined that factual issues existed with respect to the defense of fraudulent exaggeration in the Deitsch action. Moreover, noting that the principal of both plaintiff corporations was the same individual and deeming the two policies at issue to cover but a single loss, the court held that if the defense were proved as to Deitsch, it would also preclude Monezel from recovering.
 

 The policies at issue contained the standard fraud provision mandated by statute (Insurance Law, § 168, subd 5), which is breached if an insured tenders a fraudulent proof of loss as the basis for a recovery under the policy.
 
 (Saks & Co. v Continental Ins. Co.,
 
 23 NY2d 161, 165.) Specifically, “ ‘[i]f it appears that a plaintiff has willfully and fraudulently placed in the proofs of loss a statement of property lost which he did not possess, or has placed a false and fraudulent value upon the articles which he did own, he is not entitled to recover anything.’ ”
 
 (Id.,
 
 quoting
 
 Domagalski v Springfield Fire & Mar. Ins. Co.,
 
 218 App Div 187, 190.)
 

 Turning first to Deitsch, we find that the record is devoid of proof of this defense. At trial, the insurance companies primarily attempted to discredit, as speculative, two inventories taken by plaintiff of the goods damaged after the fire. However, they tendered no proof of intent to defraud — a necessary element to the defense. (See
 
 Jonari Mgt. Corp. v St. Paul Fire & Mar. Ins. Co.,
 
 58 NY2d 408, 417;
 
 Sunbright Fashions v Greater N. Y. Mut. Ins. Co.,
 
 34 AD2d 235, affd without opn 28 NY2d 563.) They also contended that Deitsch never offered invoices substantiating loss of certain equipment into evidence at trial. While this alleged failure may be relevant to whether Deitsch offered sufficient proof of damages, it fails to amount to fraudulent conduct such as would vitiate the policies at issue.
 

 
 *1002
 
 We also assign as error the reinstatement of the fraudulent exaggeration defense as to plaintiff Monezel. CPLR 2104 provides that an oral agreement between parties relating to any matter in an action, if made in open court, is binding. (Cf.
 
 Klein v Mount Sinai Hosp.,
 
 61 NY2d 865.) By stipulation, the parties may shape the facts to be determined at trial and thus circumscribe the relevant issues for the court to the exclusion of disputed matters that otherwise would be available to the parties.
 
 (Nishman v De Marco,
 
 62 NY2d 926;
 
 T. W. Oil v Consolidated Edison Co.,
 
 57 NY2d 574, 579-580.) In the present case, the parties stipulated in open court at the start of the trial that the amount due in the Monezel action would be $200,000 in the event plaintiff recovered on the building. The next day, in direct response to a statement by the court that it would “like to understand the full import of the stipulation”, the insurance company’s attorney conceded that the fourth affirmative defense of fraudulent exaggeration it had alleged in its answer as against Monezel was withdrawn. Thus; it was an abuse of discretion for the Appellate Division to reinstate the defense that, by stipulation, had been withdrawn.
 

 Moreover, we see no logic in defendants’ argument, which the Appellate Division found persuasive, that the defense of fraud, if proved as to tenant Deitsch, should vitiate the entirely separate policy of owner Monezel under the standard fraud provision. Defendants cite no relevant authority to support their argument; principally, they rely on
 
 Happy Hank Auction Co. v American Eagle Fire Ins. Co.
 
 (286 App Div 505, mod 1 NY2d 534), which held that “ ‘[t]he contract of insurance being entire and indivisible, a cause of avoidance or forfeiture in respect to a part of the property insured affects the whole contract’ ” (286 App Div, at p 508, quoting
 
 Fitzgerald v Atlanta Home Ins. Co.,
 
 61 App Div 350, 356). This decision, of course, is distinguishable because separate contracts are at issue here, each covering entirely different insurable interests. (See
 
 Scarola v Insurance Co. of North Amer.,
 
 31 NY2d 411, 413.)
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4),
 
 *1003
 
 judgment appealed from and order of the Appellate Division brought up for review reversed, with costs, the September 14, 1981 and June 10, 1982 judgments of Supreme Court, Kings County, reinstated, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.