See also D.C., 91 F.R.D. 420.

Martin FINE, William Becker and Philip Becker, Individually, and William Becker and Philip Becker d/b/a Becker & Becker, all doing business as 649 Broadway Equities Co., Plaintiffs-Appellants,

v.

BELLEFONTE UNDERWRITERS INSURANCE CO., Citibank, N.A., and Johana Zuckerman, Defendants-Appellees.

No. 595, Docket 84–7600.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1985.

Decided March 20, 1985.

Whitney North Seymour, Jr., New York City (Claude P. Bordwine, Brown & Seymour, Weg & Myers, P.C., New York City, of counsel), for plaintiffs-appellants.

Herbert P. Polk, New York City (Robert S. Newman, Whitman & Ransom, New York City, of counsel), for defendant-appellee.

Before OAKES, CARDAMONE and PIERCE, Circuit Judges.

CARDAMONE, Circuit Judge:

On this appeal we must weigh the policy that seeks the final repose of litigation against a claim that this Court incorrectly decided a particular case. Appellants urge that this panel review and reverse what they claim is an incorrect determination of a previous panel. It is not inconceivable that on occasion a judgment of this Court may be in error. No proof is required to demonstrate the fallibility of this or any Court. Nonetheless, the rules of appellate procedure are specifically designed to catch those instances when a panel misapprehends or overlooks some point of law or fact. The rules are meant to assure a party on appeal that its argument has been comprehended and considered by the Court. If we ignore these established procedures in an attempt to remedy a perceived error, we will throw a wrench into the collegial workings of our Court that are essential to its institutional integrity.

## I

After fire destroyed several New York City buildings owned by plaintiffs-appellants Martin Fine, William Becker and Philip Becker, d/b/a 649 Broadway Equities Co., they made claim under their fire insurance policies written by defendant-appellee, Bellafonte Underwriters Insurance Co. At a deposition conducted in connection with the claim some of the questions asked of appellants concerned the sprinkler system, which had failed to function and hence did not check the spread of the fire. Appellants' answers to the question were false. In particular, appellants were queried about the instructions given regarding thermostat settings for the furnace and inspection and maintenance of the system. Martin Fine, one of the owners, and George Peters, an agent for the owners, both testified that the nighttime thermostat setting for the furnace had been 40 degrees. After its investigation the fire insurance underwriter concluded that the owners had instructed the building superintendent to reduce the thermostat's nighttime setting so that the furnace would not turn on until

the outside temperature was below 25 degrees. Appellee therefore concluded that appellants had falsely answered a material question and refused to pay the fire claim.

Appellants then instituted this diversity action in the United States District Court for the Southern District of New York (Sweet, J.). Although the trial court characterized appellants' statements as "mistaken" or "inaccurate and consequently false," it nonetheless found that the statements were not material because the lower thermostat setting was not responsible for the fire loss incurred during the near-zero temperatures existing at the time of this February 1980 blaze. Defendant Bellefonte appealed.

On appeal, a panel of this Court reversed as a plain error of law the finding by the district court that the false answers were not material. This Court set aside the verdict and voided appellants' insurance policy under the "concealment, fraud" provisions of section 168 of the New York Insurance Law. N.Y.Ins.Law § 168 (McKinney Supp. 1984); *Fine v. Bellefonte Underwriters Insurance Co.*, 725 F.2d 179 (2d Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 233, 83 L.Ed.2d 162 (1984). In its opinion, the panel stated that "[f]alse sworn answers are material ... if they may be said to have been calculated either to discourage, mislead or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate." 725 F.2d at 184. The opinion did not purport to determine whether the false statements in the instant case were willfully made. Nor did it intimate that willfulness was not required.

Appellants thereafter filed petitions under Fed.R.App.P. 40 for rehearing, and under Fed.R.App.P. 35(b) for rehearing in banc. They argued in the petition that there had been no finding of willfullness. Both petitions were denied. Appellants then petitioned the Supreme Court for certiorari, which was also denied. — U.S. —, 105 S.Ct. 233, 83 L.Ed.2d 162. Later, appellants moved before Judge Sweet for an order pursuant to Fed.R.Civ.P. 59 and

60(b)(1) and (6), to set aside the judgment and grant a new trial on the issue of willfulness. The district court denied appellants' motion on the grounds that the decision by this Court was the law of the case. 589 F.Supp. 438. From the district court's denial of Rule 60(b) relief, appellants brought the instant appeal. At the same time they moved for leave to file a second petition for rehearing and to consolidate that petition with this appeal. This motion was denied. Appellants question on this appeal the district court's application of the "law of the case" doctrine. They also ask us to consider whether and under what circumstances a panel of the Court may recall its mandate. We turn to these issues.

## II

■ In July 1984, some months after the previous panel's decision the New York Court of Appeals reaffirmed, in *Deitsch Textiles, Inc. v. New York Property Insurance Underwriting Ass'n*, 62 N.Y.2d 999, 479 N.Y.S.2d 487, 468 N.E.2d 669 (1984), that in addition to materiality, an insurance company must prove willfulness to void a fire insurance policy. Appellee attempts to distinguish *Deitsch Textiles* on the ground that it involved false statements made in a proof of loss statement and not a false swearing on an examination under oath. The distinction is not supported by precedent. False swearing is "swearing knowingly and intentionally false and not through mere mistake." *Black's Law Dictionary* 725 (rev. 5th ed. 1979). There is no distinction between false statements made in proof of loss statements and false statements made under oath. *See Sunbright Fashions, Inc. v. Greater New York Mutual Insurance Co.*, 34 A.D.2d 235, 236, 310 N.Y.S.2d 760 (2d Dep't 1970), *aff'd*, 28 N.Y.2d 563, 319 N.Y.S.2d 609, 268 N.E.2d 323 (1971). In *Sunbright Fashions* the Appellate Division reversed a denial of summary judgment upon determining that the facts supported only an inference of deliberate false testimony. In that case, the claimant admitted that he had lied under oath and had prepared false documents to support his false claim. 34 A.D.2d at 237, 310 N.Y.S.2d 760. We accept the fact, therefore, that according to the law of New York, a false statement made on an examination under oath must be both material and willful in order to void a fire insurance policy.

## III

■ Appellants contend that the district court erred as a matter of law in refusing to consider its motion under Rule 60(b). We disagree. Our previous ruling was the law of the case, and the district judge correctly found that it had no jurisdiction to review an appellate court's decision. *Eutectic Corp. v. Metco Inc.*, 597 F.2d 32, 34 (2d Cir.1979); *United States v. Fernandez*, 506 F.2d 1200, 1202 (2d Cir.1974). *See also Seese v. Volkswagenwerk A.G.*, 679 F.2d 336, 337 n. 1 (3d Cir.1982) ("the basis of the Rule 60(b)(6) motion was before this court and the Supreme Court, and thus could not be considered by the district court"). Judge Sweet correctly noted that the appellants cite no material change of circumstances or newly discovered evidence so as to bring the matter under the aegis of *Standard Oil Co. v. United States*, 429 U.S. 17, 18, 97 S.Ct. 31, 32, 50 L.Ed.2d 21 (1976).

## IV

Appellants also urge that this Court correct its own mistake by recalling its mandate. They vigorously contend that our previous decision, which focused solely on the legal standard to be used in determining materiality, incorrectly assumed the element of willfulness. They argue, therefore, that the required finding that their false answers were willfully made is missing. They cite the district judge who, in ruling on the request for 60(b) relief, stated that it had never made a finding of intent to deceive. Judge Sweet explained that in finding the false statements not to be material in his earlier opinion, he had never had occasion to consider the question of willfulness.

■ This argument is only properly made to and determined by the panel that originally heard the appeal. Appellants were denied both their application for leave to file a second petition for rehearing and the motion to consolidate the previous appeal with the denial of their Rule 60(b) motion. We cannot review the correctness of a previous panel's decision. *See In re Jaylaw Drug, Inc.*, 621 F.2d 524, 527 (2d Cir.1980); *United States v. Bailey*, 468 F.2d 652, 669 (5th Cir.1972).

Although it has been discussed previously, we set forth here the chronology of this case, because it is relevant to our conclusion. The records reveal the following:

January 3, 1984—panel decision handed down that *reversed* the district court judgment

January 30—appellants' motion to have entire transcript of the examination of Fine and Peters filed with the Court *granted*

February 22—petition for rehearing before original panel *denied*

April 24—petition for rehearing in banc on the basis that the district court had not found that false testimony was willfully made *denied.*

May 1—mandate of this Court issued

June 15—motion in district court before Judge Sweet for Fed.R.Civ.P. 60(b) relief *denied*

September 12—notice of appeal from denial of 60(b) relief filed

October 1—petition to the Supreme Court for certiorari *denied*

October 18—application to original panel for leave to file a *second* petition for rehearing, recall of the May 1 mandate and consolidation of the previous appeal with an appeal from denial of 60(b) relief *denied*

January 14, 1985—oral argument before the present panel (only Judge Oakes was on the previous panel) seeking reversal of denial of 60(b) relief.

The Federal Rules of Appellate Procedure and Rules of the Second Circuit provide the frame for an analysis of the recited chronology. Under Fed.R.App.P. 40(a) a party may file a petition for rehearing within 14 days after entry of judgment. The petition is referred to the judges who heard the appeal and may call their attention to the points of law or fact that in petitioner's opinion the court has misapprehended or overlooked. *See* 2d Cir.R. 27(c). The mandate of the Court issues 21 days after the entry of judgment, except that timely filing of a petition for rehearing stays it until the disposition of the petition. If the rehearing petition is denied, the mandate issues seven days after the order of denial. Fed.R.App.P. 41(a). A motion to recall or modify the mandate may be made at any time and is referred to the judges who heard the appeal. 2d Cir.R. 27(c). A suggestion for rehearing in banc must be made within 14 days after entry of judgment and does not stay the issuance of the mandate. Fed.R.App.P. 35(c).

■ The argument now before us was before the original panel, that panel must be presumed to have considered it on a motion for rehearing. *See NLRB v. Brown & Root, Inc.*, 206 F.2d 73, 74 (8th Cir.1953). In the interest of finality of litigation, a panel will ordinarily recall its mandate only in exceptional circumstances. *See Greater Boston Television Corporation v. F.C.C.*, 463 F.2d 268, 278 (D.C.Cir. 1971); *Legate v. Maloney*, 348 F.2d 164, 166 (1st Cir.1965); *Hines v. Royal Indemnity Co.*, 253 F.2d 111, 114 (6th Cir.1958); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3938 (1977). Perhaps the first panel believed—as the Supreme Court did on this subject in an early case—that if a person makes a statement knowing it to be false the law will infer an intent to deceive. *See Claflin v. Commonwealth Insurance Co.*, 110 U.S. 81, 95, 3 S.Ct. 507, 515, 28 L.Ed. 76 (1884). It may be that the original panel concluded that the record could not support a finding that appellants' answers to the questions regarding the setting of the thermostat were merely mistaken or inadvertent. Whether we would make the same determination is irrelevant, we may not now question the first panel's reasoning.

■ Whatever error is perceived to exist in the original panel's refusal to recall its mandate pales beside the far greater error that we would commit were we to recall its mandate. Absent a change in circumstance or law, one panel of an appellate court cannot review the decision of a previous panel. It would increase the work of each judge immeasurably if past decisions could be reopened by subsequent panels. *See* B. Cardozo, *The Nature of the Judicial Process* 149–50 (1945). Again, appellants have argued the willfulness issue five times—in their motion for rehearing denied in February 1984, the suggested rehearing in banc denied in April, the petition for certiorari to the Supreme Court and the second application for rehearing before the original panel, both denied in October, and the January 1985 argument before this panel. They have more than had their day in court. That appellants remain dissatisfied with the result is no reason to change the process of review fully afforded them. All disputes, including this litigation, must finally end.

The judgment is affirmed.