■ DEITSCH TEXTILES, INC., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION et al., Appellants. (Action No. 1.) MONEZEL HOLDING CORP., Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant. (Action No. 2.) — In two consolidated actions to recover payments under insurance policies, defendants in action No. 1 appeal from (1) an order of the Supreme Court, Kings County (Lawrence, J.), dated August 5, 1981, which set aside the original verdict in favor of plaintiff in action No. 1, on the ground of inadequacy, severed the two actions and directed a new trial on the issue of damages in action No. 1, (2) an order of the same court (Morton, J.), dated May 20, 1982, which denied defendants' motion following retrial in action No. 1 to set aside the verdict, and (3) a judgment of the same court (Morton, J.), entered June 10, 1982 in favor of plaintiff in action No. 1 in the principal sum of $170,000; defendant in action No. 2 appeals from a judgment of the same court (Lawrence, J.), entered September 14, 1981, which was in favor of the plaintiff in action No. 2 in the principal sum of $200,000. By order dated April 18, 1983, this court dismissed the appeals from the orders, citing *Matter of Aho* (39 NY2d 241, 248). We also reversed the judgments and granted a new trial as to all issues (*Deitsch Textiles v New York Prop. Ins. Underwriting Assn.,* 93 AD2d 853). By judgment of the Supreme Court, Kings County, entered September 13, 1983, a verdict was rendered in favor of the defendants. By order dated July 2, 1984, the Court of Appeals, following a direct appeal to that court, reversed the judgment entered September 13, 1983 and this

court's order dated April 18, 1983, which was brought up for review, and remitted the matter here for reconsideration of the facts (62 NY2d 999).

Appeals from the orders dismissed (*see, Matter of Aho,* 39 NY2d 241, 248, *supra*).

Upon consideration of the facts, judgments affirmed.

Respondents are awarded one bill of costs.

The issues presented provide no basis for reversal. Mangano, J. P., O'Connor, Brown and Rubin, JJ., concur.