■ OAK POINT INDUSTRIAL PARK, INC., Appellant, v MASSACHUSETTS BAY INSURANCE COMPANY, Respondent, et al., Defendant. (And a Third-Party Action.)—In an action to recover on an insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated October 7, 1987, which denied its cross motion to amend its complaint and granted the motion of the defendant Massachusetts Bay Insurance Company (hereinafter the respondent) to dismiss the complaint as against it.

Ordered that the order is affirmed, with costs.

This action arises out of an insurance claim made by the plaintiff for loss suffered as a result of a windstorm which damaged its warehouse in The Bronx. The respondent disputed the amount of damages and the plaintiff brought this action. The plaintiff claimed that the damage and the replacement cost amounted to $1,248,000. At trial, the jury's finding in favor of the plaintiff was set aside in part by the Trial Judge on the grounds that the verdict was against the weight of the evidence and that the plaintiff had concocted a scheme, implemented through a series of companies owned or controlled by the plaintiff, to create false proof of expenditures adding up to the claimed amount. This proof was in the form of canceled checks and invoices and testimony as to the payments of large sums of money, principally to a company called "Lawrence Roofing & Sheet Metal, Co.". After the plaintiff's scheme was uncovered on the basis of proof produced by the respondent, the trial court ordered a new trial on the issue of the actual amount of the replacement cost.

Before a second trial was held, the plaintiff's president was indicted and convicted in the United States District Court for the Southern District of New York on mail fraud charges stemming from the attempt to defraud the respondent in

connection with this claim. He was convicted of three counts of mail fraud and one count of tampering with a witness. The conviction was affirmed by the United States Circuit Court of Appeals for the Second Circuit.

The respondent then moved to dismiss the complaint based, *inter alia,* on the fraud reflected in the conviction of the plaintiff's president. The plaintiff cross-moved to amend the complaint to assert a new cause of action based on an allegation of bad faith on the part of the respondent in negotiating the plaintiff's claim and to plead a new theory of damages based on cash value (depreciated value of the roof) rather than replacement cost. The court denied the plaintiff's cross motion, granted the respondent's motion and dismissed the complaint.

There is clear and overwhelming evidence of fraud which commenced shortly after the occurrence of the alleged damage to the building, to make it appear that the plaintiff had actually expended money, when in fact most of the money was not expended, but rather was returning to its hands in the person of its president and sole stockholder through other corporations owned and controlled by him. Such a concoction of elaborate falsehoods and the manufacture of spurious documents to support them, vitiates the insurance contract under the terms of its "false swearing clause", which terminates the right of the insured to recover under the policy *(Sunbright Fashions v Greater N. Y. Mut. Ins. Co.,* 34 AD2d 235, *affd* 28 NY2d 563), even though the plaintiff has actually suffered a loss *(Saks & Co. v Continental Ins. Co.,* 23 NY2d 161). There is no merit to the plaintiff's argument that the respondent had repudiated the contract prior to the acts of fraud. The record discloses only a dispute by the insurance company as to the amount of damages suffered. This does not amount to a repudiation of liability.

The plaintiff's cross motion was properly denied as academic. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.