■ ANCHOR MOTOR FREIGHT N. Y. CORP., Respondent, v. LOCAL UNION No. 445 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA et al., Appellants, et al., Defendants. — In an action to restrain the continuance of a strike and picketing and for other relief, in which a temporary injunction pending the trial had been granted (5 A D 2d 869), all the defendants (other than the seven defendants: Charles Blaney, Edward Urso, John Yozzo, Louis Giampicolo, Vincent Gaccione, Tom Napiorsky and S. R. Anniere, against whom the complaint was dismissed) appeal: (1) from so much of a judgment of the Supreme Court, Westchester County, rendered May 12, 1958, after trial before the court without a jury, as dismisses the defendants' affirmative defenses, grants to plaintiff a permanent injunction against said appellants and declares that they are not entitled to recover any loss or damage by reason of the issuance of the temporary injunction; and (2) from the trial court's denials of all motions made by appellants prior to and during the trial. Judgment insofar as appealed from affirmed, with costs. No opinion. Appeal from the trial court's denials of motions dismissed, without costs. The record does not contain any order entered upon such denials which appear to be simply rulings made in the course of the trial. · No appeal lies from such rulings. Nolan, P. J., Beldock, Ughetta and Pette, JJ., concur.

■ ARDON CONSTRUCTION CORP., Respondent, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J., Appellant, et al., Defendants.— In an action in which the amended complaint pleads three causes: (1) to recover as the insured for a fire loss upon a policy issued by the defendant Insurance Company; (2) to recover as the insured's assignee for such fire loss upon said policy; and (3) to recover damages from the Stich defendants, insurance brokers, for their negligence in not effectuating a proper indorsement upon the policy showing a change of ownership, the insurance company appeals from so much of an order of the Supreme Court, Kings County, dated May 4, 1959, as denies its motion to dismiss the second cause of action. The amended complaint alleges that the insurance company had issued to Foster Garden Apartments, Inc., plaintiff's assignor, a standard fire policy insuring certain real property then owned by it; that Foster conveyed the premises to plaintiff, taking back a purchase-money mortgage; and that thereafter, while Foster was still the owner of the mortgage, a fire occurred on the premises as a result of which the insured property was partially destroyed. In the second cause of action, plaintiff sues as assignee of all right, title and interest of Foster in and to any recovery to which it may be entitled by virtue of the fire loss. Order insofar as appealed from affirmed, with $10 costs and disbursements. We are in accord with the views expressed in the opinion at Special Term. (*Ardon Constr. Corp.* v. *Firemen's Ins. Co. of Newark, N. J.,* 16 Misc 2d 483.) Nolan, P. J., Beldock, Christ and Brennan, JJ., concur. [16 Misc 2d 483.]