■ MCINTOSH BUILDERS, INC., et al., Respondents, v DWIGHT R. BALL et al., Appellants, et al., Defendants. [695 NYS2d 196] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Coutant, J.), entered July 1, 1997 in Broome County, which, *inter alia*, denied defendants' motions for summary judgment dismissing the complaint.

This action arises from a loan arrangement underlying the ill-fated efforts of plaintiff McIntosh Builders, Inc. to develop a residential subdivision in the Town of Vestal, Broome County. In 1988, McIntosh, in need of funds, executed a mortgage to secure a $335,000 loan from defendant Anne V. Ayres, $160,000 of which was disbursed at the closing. The mortgage note stated that the remaining balance, $175,000 of security, had been "deposited" with the Town of Vestal to guarantee completion of roads to service the subdivision. McIntosh assertedly was then unable to complete the subdivision project because

the deposit was not forthcoming. This litigation, charging Anne Ayres and defendant John Ayers (hereinafter collectively referred to as the Ayers defendants) with breach of contract for failure to make the security deposit, and defendants Dwight R. Ball, Phillip J. Artz and Ball, McDonough & Artz, P. C. with legal malpractice (for their role in representing all of the parties to the mortgage transaction), followed.

Inasmuch as McIntosh, a foreign corporation, has established its compliance with Business Corporation Law § 1312 (a) (*see*, 247 AD2d 103), we now consider the various arguments advanced by defendants on their appeals from Supreme Court's denial of their respective motions for summary judgment.* Defendants posit that the doctrine of judicial estoppel limits McIntosh's causes of action to claims listed in the schedule of assets filed by it in support of its bankruptcy petition. In this regard, the Ayres defendants argue that since McIntosh, in its schedule of assets, valued its claim against Anne Ayres at $75,000, its claimed damages in this litigation should be similarly capped. As for McIntosh's legal malpractice claim against them, the attorney defendants contend that it is barred in its entirety, as it was not asserted in the bankruptcy petition. We disagree.

The doctrine of judicial estoppel provides that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position because its interests have changed (*see*, *Moore v County of Clinton*, 219 AD2d 131, 134-135, *lv denied* 89 NY2d 851; *Hinman, Straub, Pigors & Manning v Broder*, 124 AD2d 392, 393). In a bankruptcy context, judicial estoppel prevents a party from prosecuting claims not disclosed in a bankruptcy proceeding that resulted in the party's discharge (*see*, *Cafferty v Thompson*, 223 AD2d 99, 102, *lv denied* 88 NY2d 815). For this doctrine to apply, however, there first must have been a final determination in the "bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets" (*Koch v National Basketball Assn.*, 245 AD2d 230, 231). Here, there was no such determination because McIntosh's bankruptcy petition was dismissed for failure to file a formal plan of reorganization; accordingly, as to this contention, defendants' arguments are unavailing.

The Ayres defendants also maintain that the denial of their motion to dismiss McIntosh's breach of contract claim was er-

---

* Supreme Court dismissed the causes of action asserted against defendants by McIntosh's principal, Gary Dobransky, a determination which is not challenged on this appeal.

ror. It is their position that Anne Ayres had no duty to post the $175,000 unless requested to do so by the Town, a circumstance which did not occur. The mortgage, however, explicitly recites that it includes $175,000 of security "deposited by Mortgagee for Mortgagor with the Town of Vestal" and that interest would be charged thereon if the Town called the security. These facts give rise to a triable issue respecting the terms of the agreement and whether the agreement had been breached.

Nor do we find, as defendants urge, that the damages alleged by McIntosh are speculative (see, Striker v Graham Pest Control Co., 179 AD2d 984, 985, lv dismissed 79 NY2d 1040). While it is not entirely clear from this record how many sales contracts purportedly could not be consummated because a building permit was not obtained as the result of Anne Ayres' failure to post the security with the Town, it is apparent at the very least that one sales contract could not be completed. We have considered the Ayres defendants' remaining arguments—among them that John Ayres was entitled to summary judgment on his counterclaim arising from a loan made by him to plaintiffs in 1986—and find them to be without merit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.