■ ROTHSTEIN & HOFFMAN ELECTRIC SERVICE, INC., Respondent, v GONG PARK REALTY CORP., Appellant. [829 NYS2d 91]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered May 18, 2006, awarding plaintiff damages and

bringing up for review an order, same court and Justice, entered May 15, 2006, inter alia, granting plaintiff's motion for summary judgment, unanimously affirmed, with costs. Appeal from the May 15, 2006 order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Plaintiff's mistake in commencing a prior action against defendant seeking the same relief using the name of plaintiff's successor in interest was rectified by the action's dismissal, and inasmuch as plaintiff did not prevail in that action, it affords no basis for application of the equitable doctrine of judicial estoppel to bar plaintiff's claim for services rendered by it to defendant (*Guarino v Guarino*, 211 AD2d 463 [1995]; *cf. Kalikow 78/79 Co. v State of New York*, 174 AD2d 7 [1992], *appeal dismissed* 79 NY2d 1040 [1992]). Inasmuch as plaintiff adduced evidence that it mailed and delivered several invoices for materials and services to defendant, which were retained for years by defendant without objection or protest, it established a prima facie case to recover on an account stated theory (*Federal Express Corp. v Federal Jeans, Inc.*, 14 AD3d 424 [2005]). Defendant did not meet its consequent burden to come forward with evidence raising a triable issue of fact by relying on the unsupported affirmation of its attorney (*see Lewis v Safety Disposal Sys. of Pa., Inc.*, 12 AD3d 324 [2004]), and the affidavit of the person claiming to be defendant's sole principal was properly disregarded in light of defendant's prior representation that it had no person knowledgeable about the matters at issue to produce for deposition.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.