■ GEORGE POPADYN et al., Appellants, v CLARK CONSTRUCTION AND PROPERTY MAINTENANCE SERVICES, INC., Respondent. [854 NYS2d 626]—

Memorandum: Plaintiffs commenced this action seeking damages they incurred when defendant, as an agent for HSBC Mortgage Corporation, participated in evicting plaintiffs from their home by moving their personal property to a storage facility in 2001. According to plaintiffs, some of their property was damaged or missing when they redeemed it, and the value of their property after it was redeemed was reduced from $90,000 to $10,000. Supreme Court properly granted that part of defendant's motion for summary judgment dismissing the complaint with respect to plaintiff husband. The record establishes that, although he had declared bankruptcy in the year 2000 and had many of his debts discharged in the course of the bankruptcy proceeding, he failed to list items for which he now seeks recovery. Indeed, the record establishes that his bankruptcy filing set forth that his personal property assets were in the amount of only $1,220. "The doctrine of judicial estoppel provides that where a party assumes a position in a legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position because [his] interests have changed . . . In a bankruptcy context, judicial estoppel prevents a party from prosecuting claims not disclosed in a bankruptcy proceeding that resulted in the party's discharge" (*McIntosh Bldrs. v Ball*, 264 AD2d 869, 870 [1999]). We further conclude, however, that the court erred in granting that part of defendant's motion with respect to plaintiff wife, inasmuch as she was not involved in the bankruptcy proceeding and was at least part owner of much of the disputed property. We therefore modify the order accordingly. Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.