■ Del K. Tobias, Respondent, v Liberty Mutual Fire Insurance Company, Appellant, et al., Defendants. [910 NYS2d 663]—

In an action, inter alia, to recover damages for breach of contract, the defendant Liberty Mutual Fire Insurance Company appeals, as limited by its brief, from so much an order of the Supreme Court, Kings County (Schmidt, J.), dated October 21, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The insurer has the burden of proving the validity of its timely cancellation of an insurance policy" (*Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229, 229 [2004]). In moving for summary judgment, the defendant Liberty Mutual Fire Insurance Company (hereinafter Liberty Mutual) demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that the plaintiff received a cancellation notice from Liberty Mutual (*see Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830 [1978]; *Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]; *Matter of State-Wide Ins. Co. v Simmons*, 201 AD2d 655, 656 [1994]). However, in opposition, the plaintiff submitted evidence raising a triable issue of fact as to the validity of such cancellation—specifically, whether Liberty Mutual properly cancelled her policy for failure to pay the insurance premium (*see Zurruz Realty Corp. v Calvert Ins. Co.*, 228 AD2d 267 [1996]; *Brody Truck Rental v Country Wide Ins. Co.*, 226 AD2d 205 [1996]; *see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Further, contrary to Liberty Mutual's contention, the doctrine of judicial estoppel is inapplicable. Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same action or proceeding (*see Matter of Hartsdale Fire Dist. v Eastland Constr., Inc.*, 65 AD3d 1345, 1348 [2009]). The plaintiff's contention that several parties may have contributed to the allegedly improper cancellation of her insurance policy did not constitute the adoption of inconsistent positions (*see Bergman v Indemnity Ins. Co. of N. Am.*, 275 AD2d 675, 676 [2000]; *cf. Secured Equities Invs. v McFarland*, 300 AD2d 1137 [2002]).

Accordingly, the Supreme Court properly denied Liberty Mutual's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.