█ Cary Kittner, Individually and as Assignee of Stuart Quimby, et al., Respondents, v Eastern Mutual Insurance Company, Appellant. [915 NYS2d 666]—

Egan Jr., J. Appeals (1) from an order of the Supreme Court (Pulver, Jr., J.), entered July 29, 2009 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 17, 2009 in Greene County, which denied defendant's motion to renew and/or reargue.

Plaintiff Design Science Toys, Ltd. (hereinafter DST) was a domestic corporation formed in 1986 to design, manufacture and distribute toys. DST's officers were plaintiff Cary Kittner and her then husband, Stuart Quimby. In 2003, Kittner and Quimby, as sole principals, formed plaintiff QK Properties, LLC, which then purchased a building located in the Village of Tivoli, Dutchess County and rented it to DST to house its operations. In October 2005, QK sold the building, but DST continued to store its inventory and equipment in a portion of the building with the permission of its new owner. In December 2005, DST filed a chapter 7 bankruptcy petition and valued the equipment and inventory stored in the building at $5,052.93. DST's bankruptcy proceeding was concluded the following month, with the trustee abandoning the equipment and inventory. DST then transferred its postbankruptcy assets to QK. In March 2006, a fire broke out at QK's former building, destroying it and QK's equipment and inventory that was still stored therein. Shortly after the fire, DST and QK made a claim under their insurance policy, which was issued by defendant. In a sworn statement in proof of loss signed by Kittner and Quimby, DST and QK valued

the equipment and inventory loss at $212,427.[1] In October 2006, defendant denied plaintiffs' claim in full.

In January 2008, plaintiffs commenced this action. Defendant moved for summary judgment dismissing the complaint, arguing, among other things, that Kittner lacked standing to recover under the insurance policy, that the insurance policy was rendered null and void because the proof of loss contained material misrepresentations and, in the alternative, that plaintiffs were judicially estopped from claiming that the property was valued higher than the amount claimed in the bankruptcy petition. Supreme Court denied that motion and defendant's subsequent motion for leave to renew and/or reargue. Defendant now appeals from both orders.[2] We agree with defendant that Kittner lacked standing. "In New York, '[n]o contract or policy of insurance on property made or issued in this state . . . shall be enforceable except for the benefit of some person having an insurable interest in the property insured' and an 'insurable interest' is 'any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage' " (*Cassadei v Nationwide Mut. Fire Ins. Co.*, 21 AD3d 681, 682 [2005], quoting Insurance Law § 3401). Here, defendant established its prima facie entitlement to summary judgment dismissing Kittner's claim based on lack of standing through evidence that the insurance policy at issue only covers the business property of DST and QK, the named insureds (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, plaintiffs failed to present sufficient evidence to create a question of fact as to Kittner's interest in the proceeds of the insurance policy (*see Zuckerman v City of New York*, 49 NY2d at 562). While it is true that in May 2008 Quimby, as president of DST, assigned all of DST's interests in any claims arising out of the fire loss to Kittner, she could only acquire those rights that DST possessed (*see Matter of Stralem*, 303 AD2d 120, 123

---

1. After application of the insurance deductible, however, the proof of loss listed the recoverable claim to be $91,250.

2. Defendant concedes that the denial of its motion to reargue is not appealable (*see Mortgage Elec. Registration Sys., Inc. v Schuh*, 48 AD3d 838, 840 [2008], *appeal dismissed* 10 NY3d 951 [2008]). Furthermore, defendant's argument, advanced before Supreme Court, that it is entitled to summary judgment because plaintiffs failed to file a timely proof of loss is not addressed in defendant's brief and is, therefore, deemed abandoned (*see Rochester Linoleum & Carpet Ctr., Inc. v Cassin*, 61 AD3d 1201, 1202 n 1 [2009]).

[2003]).[3] Because DST had, some two years earlier, already transferred all of its postbankruptcy assets to QK, DST had nothing to transfer. Accordingly, Kittner has no insurable interest in the policy proceeds and, therefore, no standing to maintain this action.[4] Accordingly, defendant's motion seeking summary judgement based on Kittner's lack of standing should have been granted (see *Zuckerman v City of New York*, 49 NY2d at 562).

Defendant also contends that the denial of its motion for summary judgment on the issue of damages was in error under the doctrine of judicial estoppel. We agree. " '[W]here a party assumes a position in [one] legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position [in a second proceeding] because [its] interests have changed' " (*Popadyn v Clark Constr. & Prop. Maintenance Servs., Inc.*, 49 AD3d 1335, 1336 [2008], quoting *McIntosh Bldrs. v Ball*, 264 AD2d 869, 870 [1999]). Here, in conjunction with the filing of its petition in bankruptcy, DST valued its equipment and inventory at $5,052.93. Eight months later and after the intervening fire, DST and QK valued the same items at $212,427.

While plaintiffs attempt to explain the far lower bankruptcy valuation by pointing out that its toys were sold unassembled to a small niche market around the world and thus the remaining inventory was difficult to value or market, their argument is unavailing because any such difficulties in valuation would be equally present, whether for bankruptcy or insurance claim purposes. In any event, having overcome these obstacles and assumed a position as to the value of the equipment and inventory in the prior bankruptcy proceeding, DST was judicially estopped from claiming, eight months later, that the same equipment and inventory had a value some 40 times that as previously asserted (see *McIntosh Bldrs. v Ball*, 264 AD2d at 870; *Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792, 793 [1998]; *Madden v Corey*, 251 AD2d 257, 258 [1998]; *Moore v*

---

**3.** Contrary to defendant's argument, while the insurance policy contains a provision that the "[a]ssignment of this policy is not valid without [defendant's] written consent," this anti-assignment provision applies only to assignments before loss (see *Globecon Group, LLC v Hartford Fire Ins. Co.*, 434 F3d 165, 171 [2d Cir 2006]; *Travelers Indem. Co. v Israel*, 354 F2d 488, 490 [2d Cir 1965]; *Ardon Constr. Corp. v Firemen's Ins. Co. of Newark, N.J.*, 16 Misc 2d 483, 488 [1959], *affd* 11 AD2d 766 [1960]).

**4.** The parties do not contest Supreme Court's determination that Kittner does not have standing to raise claims with respect to property owned by QK (see Limited Liability Company Law § 610; *Katz v Katz*, 55 AD3d 680, 684 [2008]).

*County of Clinton*, 219 AD2d 131, 135 [1996], *lv denied* 89 NY2d 851 [1996]). Likewise, as assignee of DST's post-bankruptcy assets, QK is also judicially estopped from claiming valuations exceeding those listed in the bankruptcy proceeding (*see Matter of International Ribbon Mills [Arjan Ribbons]*, 36 NY2d 121, 126 [1975]; *Secured Equities Invs. v McFarland*, 300 AD2d 1137, 1138 [2002]; *Richard T. Blake & Assoc. v Aetna Cas. & Sur. Co.*, 255 AD2d 569, 570-571 [1998]).

Next, a policy of insurance will be voided where the insured has " 'willfully and fraudulently placed in the proofs of loss a statement of property lost which he [or she] did not possess, or has placed a false and fraudulent value upon the articles which he [or she] did own' " (*Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165 [1968], quoting *Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div 187, 190 [1926]; *see Ingarra v General Acc./PG Ins. Co. of N.Y.*, 273 AD2d 766, 768 [2000]). However, "unintentional fraud or false swearing or the statement of any opinion mistakenly held are not grounds for vitiating a policy" (*Sunbright Fashions v Greater N.Y. Mut. Ins. Co.*, 34 AD2d 235, 237 [1970], *affd* 28 NY2d 563 [1971]; *see Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d 999, 1001 [1984]). As the proponent for summary judgment, defendant bore the burden of demonstrating plaintiffs' material misrepresentation (*see Precision Auto Accessories, Inc. v Utica First Ins. Co.*, 52 AD3d 1198, 1200 [2008], *lv denied* 11 NY3d 709 [2008]). Here, while defendant relies on DST's bankruptcy filing listing the value of its property to total $5,052.93, which is in sharp contrast to the $212,427 figure set forth in the proof of loss, defendant tendered no proof of plaintiffs' intent to defraud—"a necessary element to the defense" (*Deitsch Textiles v New York Prop. Ins. Underwriting Assn.*, 62 NY2d at 1001). Accordingly, Supreme Court properly denied defendant's motion seeking summary judgment based on plaintiffs' alleged material misrepresentations.

Finally, in light of our determination, defendant's challenge to Supreme Court's denial of its motion for leave to renew, addressing QK's and Kittner's interests in the property, has been rendered academic.

Cardona, P.J., Peters, Spain and Kavanagh, JJ., concur. Ordered that the order entered July 29, 2009 is modified, on the law, without costs, by reversing so much thereof as (1) denied defendant's motion for summary judgment dismissing the claim asserted by plaintiff Cary Kittner and (2) denied defendant's motion limiting the damages recoverable based on the theory of judicial estoppel; motion granted to said extent and claim as-

serted by Kittner dismissed; and, as so modified, affirmed. Ordered that the appeal from the order entered December 17, 2009 is dismissed, as academic, without costs.