■ JOSEPH KILCER et al., Respondents, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents-Appellants, and BLASLAND, BOUCK & LEE, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. EARTH TECH, INC., Third-Party Defendant-Appellant-Respondent. [926 NYS2d 224]—

McCarthy, J.

Plaintiff Joseph Kilcer (hereinafter plaintiff) was employed by third-party defendant at a hazardous waste remediation site owned by defendant Niagara Mohawk Power Corporation. Plaintiff also served for over 40 years as a volunteer firefighter with a local fire department, and for eight years as a fire investigator with the Columbia County Cause and Origin Team (hereinafter CCCOT). One day after investigating a fire scene where he was exposed to smoke for several hours, plaintiff began experiencing memory loss and disorientation, and was later diagnosed as having a decrease in brain function caused by exposure to carbon monoxide.

Prior to commencing this action, plaintiff filed two claims with the Workers' Compensation Board (hereinafter Board). The first claim was filed against CCCOT seeking volunteer firefighter benefits (see Volunteer Firefighters' Benefit Law § 41), alleging that his smoke inhalation at fire investigations caused him to suffer toxic brain injuries. The second claim was against third-party defendant, alleging that his toxic brain injuries were caused by inhaling fumes at the remediation site. The second claim was closed based upon a lack of prima facie medical proof; plaintiff did not pursue that claim. The claim against CCCOT proceeded to a hearing, after which the Workers' Compensation Law Judge (hereinafter WCLJ) found that plaintiff suffered a compensable injury while performing his duties as a volunteer firefighter. The WCLJ declined to apportion the award between CCCOT and third-party defendant because plaintiff's treating physician could not apportion any part of plaintiff's injury to exposure while working for third-party defendant. Upon CCCOT's administrative appeal, the Board affirmed the WCLJ's determinations and denied CCCOT's request for full Board review.

While his workers' compensation claim was still pending, plaintiff and his wife, derivatively, commenced this action against Niagara Mohawk, defendant Environmental Resources Management, Inc. and the general contractor on the remediation project, defendant Blasland, Bouck & Lee, Inc. (hereinafter BBL). The complaint alleged that plaintiff suffered a toxic brain injury due to his exposure to harmful chemicals at the remediation site. Defendants asserted cross claims against each other. BBL also commenced a third-party action alleging that third-party defendant had a duty to indemnify BBL. Third-party defendant asserted counterclaims and cross claims, then moved for summary judgment dismissing the complaint, the third-party complaint and all cross claims against it. Defendants each cross-moved to amend their answers to assert the affirmative defenses of collateral estoppel and res judicata, and for summary judgment dismissing the complaint. Supreme Court permitted defendants to amend their answers, but denied third-party defendant's motion and defendants' cross motions for summary judgment. Defendants and third-party defendant appeal.

The complaint should be dismissed based upon judicial estoppel. Under that doctrine, also known as estoppel against inconsistent positions, if a party assumes a position in one legal proceeding and prevails in maintaining that position, that party will not be permitted to assume a contrary position in another proceeding simply because the party's interests have changed (*see Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 846 [2011], *lv dismissed* 16 NY3d 890 [2011]; *Hinman, Straub, Pigors & Manning v Broder*, 124 AD2d 392, 393 [1986]). A litigant should not be permitted to lead a tribunal to find a fact one way and then attempt to convince a court in a different proceeding that the same fact should be found otherwise; the litigant should be bound by the prior stance that he or she clearly asserted (*see Mikkelson v Kessler*, 50 AD3d 1443, 1444 [2008]; *Clifton Country Rd. Assoc. v Vinciguerra*, 252 AD2d 792, 793 [1998]).

In plaintiff's workers' compensation proceeding, his counsel submitted a memorandum of law quoting the testimony of plaintiff's treating physician that, while she initially considered both the fire scene and the remediation site as sources of plaintiff's exposure to toxic chemicals, she determined that his symptoms seemed more likely caused by carbon monoxide poisoning at the fire scene and not due to the chemicals at the remediation site (*compare Gillespie v Flight Line Pub*, 2 AD3d 1014, 1015 [2003]). Plaintiff asserted in that administrative proceeding that his toxic brain injury and its related symptoms

were causally related to his carbon monoxide exposure at the fire. He acknowledges that when CCCOT raised the issue of apportionment of causation against third-party defendant, his counsel "did not in any way support the idea of apportionment," instead seeking to establish that plaintiff's toxic brain injury was caused solely by CCCOT. According to plaintiff, the reason that he did not attempt to establish liability against third-party defendant before the Board, but only pursued his claim against CCCOT, is "because that was what was best for me at that time." Now that he has commenced a tort action, he desires to establish that his brain injury was caused by exposure at the remediation site, thereby creating liability against defendants and third-party defendant. The doctrine of judicial estoppel does not permit him to assert this inconsistent position merely because his interests have changed (*see Kittner v Eastern Mut. Ins. Co.*, 80 AD3d at 846; *Matter of Sbarra*, 17 AD3d 975, 976 [2005]). Hence, the complaint and third-party complaint must be dismissed.

The parties' remaining contentions have been rendered academic by our decision.

Peters, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, with one bill of costs to defendants and third-party defendant, by reversing so much thereof as denied third-party defendant's motion for summary judgment dismissing the complaint and third-party complaint and defendants' cross motions for summary judgment dismissing the complaint; motion and cross motions granted to that extent and complaint and third-party complaint dismissed; and, as so modified, affirmed.