■ KVEST LLC, Appellant, v MITCHELL COHEN et al., Respondents. [927 NYS2d 336]—

Plaintiff alleges that its insurance carrier disclaimed coverage because defendants, plaintiff's insurance brokers, failed to timely forward to the carrier an April 26, 2004 claim letter from an injured party's attorney. We reject defendants' contentions that the disclaimer was ineffective and that plaintiff's claims are moot. According to trial testimony in the carrier's declaratory judgment action, the carrier never received the claim letter from defendants. If this is true, the carrier would not have had any knowledge of the existence, let alone the late notification, of the claim letter when it disclaimed coverage. Therefore, its failure to assert that defense was not a waiver thereof (see *Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33, 35 [2009]).

Plaintiff is not barred by the doctrine of judicial estoppel from asserting that the disclaimer is valid because it did not prevail in the declaratory judgment action (see *Rothstein & Hoffman Elec. Serv., Inc. v Gong Park Realty Corp.*, 37 AD3d 206, 207 [2007], *lv denied* 8 NY3d 812 [2007]; *Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 176 [1998], *lv dismissed* 92 NY2d 962 [1998]). However, contrary to plaintiff's argument, the doctrine of collateral estoppel does not bind defendants to the declaratory judgment court's determination that defendants did not timely notify the carrier of the claim letter. Defendants were not parties to that action. The doctrine of collateral estoppel is binding only upon parties or their privies who have had a full and fair opportunity to litigate issues determined in prior proceedings (see *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485-486 [1979]).

Defendants state in their affidavit that they mailed a copy of the claim letter to the carrier on May 6, 2004, two days after they received it from plaintiff. However, a notice of occurrence/claim form prepared by defendants on October 2, 2004 indicates

that the claim had not previously been reported. This raises a triable issue of fact as to whether defendants timely notified the carrier of the claim letter.

Contrary to defendants' assertion, the damages recoverable in this action can include plaintiff's reasonable attorneys' fees incurred in defending the carrier's declaratory judgment action in its effort to mitigate its damages (*see Martini v Lafayette Studio Corp.*, 273 AD2d 112, 114 [2000]). On the other hand, the breach of fiduciary duty cause of action was properly dismissed as the facts establish that the parties had nothing more than a typical insurance broker-customer relationship (*see e.g. Murphy v Kuhn*, 90 NY2d 266, 270-271 [1997]). Concur—Saxe, J.P., Acosta, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31651(U).]**