*694 Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 9, 2011, which denied defendants’ cross motion for summary judgment, and granted plaintiffs’ motion for partial summary judgment to declare that Travelers owed a duty to defend plaintiffs Kerry, Inc. and Mastertaste, Inc. (collectively, Kerry) in connection with the underlying personal injury actions claiming damages as a result of exposure to diacetyl, unanimously affirmed, with costs.
St. Louis Flavors Corp. formerly operated a flavorings business, in which, among other things, it manufactured diacetyl and diacetyl-containing products used in artificial butter flavoring. Kerry purchased virtually all of St. Louis’s assets under an asset purchase agreement dated December 4, 2002 (the APA). In several underlying actions, the plaintiffs allege personal injuries arising from exposure to St. Louis’s products, and allege tortious conduct by Kerry on a de facto merger or continuation theory.
The APA states that premerger product liability claims remain excluded liabilities, and the APA also contains a “no-transfer” clause; however, under New York law, “[t]he enforceability of a no-transfer clause in an insurance contract is limited” (Globecon Group, LLC v Hartford Fire Ins. Co., 434 F3d 165, 170 [2d Cir 2006] [applying New York law]). New York generally follows the majority rule that a no-transfer provision in an insurance contract is “valid with respect to transfers that were made prior to, but not after, the insured-against loss” (id.; see also Kittner v Eastern Mut. Ins. Co., 80 AD3d 843, 846 n 3 [2011], lv dismissed 16 NY3d 890 [2011]). As noted by the motion court, this principle is based on a judgment that while “insurers have a legitimate interest in protecting themselves against additional liabilities [that they] did not contract to cover, once the insured-against loss has occurred, there is no issue of an insurer having to insure against additional risk” and, “in that circumstance, the only question is who the insurer will pay for the loss” (Viking Pump, Inc. v Century Indem. Co., 2 A3d 76, 103 [Del Ch 2009] [applying New York law]).
The Travelers policies were not listed in the APA’s exclusive list of “Excluded Assets,” and therefore fall within the APA’s broadly inclusive “Purchased Assets.” Even if the APA did not expressly transfer the Travelers policies to Kerry, the benefits or coverage under those policies transferred, as a matter of law, to Kerry as the alleged successor to St. Louis’s preacquisition liabilities. The lack of Travelers’ consent to a transfer of benefits *695 to Kerry (either expressly or by operation of law) is unimportant, as all of the underlying plaintiffs’ product sale and exposure allegations show that the potential liabilities in question arose before the transfer, and as such, Travelers cannot claim that its risk increased.
Travelers’ contention — that since the plaintiffs in the underlying action did not sue until after the sale, no “chose in action” existed at the time that could have been assigned by St. Louis to Kerry — is unavailing (see id. at 103, 105), as is its assertion that, balancing St. Louis’s and Kerry’s relative preacquisition sizes, Kerry’s larger size necessarily translates to a greater potential risk. It is the “nature of the risk, rather than the particular characteristics of the defendant” that will have the greater effect on defense costs (Northern Ins. Co. of N.Y. v Allied Mut. Ins. Co., 955 F2d 1353, 1358 [9th Cir 1992], cert denied 505 US 1221 [1992]), and in the final analysis, Kerry is only seeking a defense from Travelers to the extent of the risk that Travelers contracted to undertake — those claims that potentially implicate St. Louis’s products. Concur — Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.