# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

919
CA 11-02167
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND MARTOCHE, JJ.

DAWN M. LORENZO AND FRANK D. LORENZO, AS
PARENTS AND NATURAL GUARDIANS OF HUNTER
LORENZO, PLAINTIFFS-RESPONDENTS,

                                        V                    MEMORANDUM AND ORDER

KENNETH R. KAHN, M.D., ET AL., DEFENDANTS,
LIANG BARTKOWIAK, M.D. AND KALEIDA HEALTH,
DOING BUSINESS AS CHILDREN'S HOSPITAL OF
BUFFALO, ALSO KNOWN AS WOMAN'S AND CHILDREN'S
HOSPITAL OF BUFFALO, ALSO KNOWN AS KALEIDA
HEALTH, INC., DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK SPITLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ROLAND M. CERCONE, PLLC, BUFFALO (ROLAND M. CERCONE OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered January 19, 2011 in a medical malpractice action. The order, inter alia, granted those parts of the motion of defendants Liang Bartkowiak, M.D. and Kaleida Health, doing business as Children's Hospital of Buffalo, also known as Woman's and Children's Hospital of Buffalo, also known as Kaleida Health, Inc. to dismiss plaintiffs' complaint against them with the exception of two claims within the negligence causes of action.

It is hereby ORDERED that the order so appealed from is modified as a matter of discretion in the interest of justice by granting in its entirety that part of the motion seeking dismissal of the complaint with the exception of the allegation specified in the decision of this Court in *Lorenzo v Kahn* (74 AD3d 1711) and as modified the order is affirmed without costs.

Memorandum: Plaintiff parents commenced a medical malpractice action on their own behalf based on complications that arose during the delivery of their child, Hunter. Plaintiff mother asserted that she had sustained various physical injuries as a result of the complications, while plaintiff father asserted a cause of action that was derivative in nature. As relevant to the appeals now before us, the Hospital defendants, i.e., defendant Kaleida Health, doing business as Children's Hospital of Buffalo, also known as Woman's and

Children's Hospital of Buffalo, also known as Kaleida Health, Inc. and defendant Liang Bartkowiak, M.D., a medical resident at Kaleida Health, moved for summary judgment dismissing the complaint against them.  Supreme Court denied the motion, and on appeal we modified the order by granting the motion in part (*Lorenzo v Kahn*, 74 AD3d 1711, 1711-1712).

Before that appeal was decided, plaintiffs commenced the instant medical malpractice action against the same defendants, this time as parents and natural guardians of Hunter (hereafter, *Hunter Lorenzo* action).  Plaintiffs moved to consolidate the two actions, and plaintiffs' counsel asserted in support of the motion that the parties and the attorneys were identical in both actions, and that the "allegations stem from the same causes of action" and involve "common questions of law and fact[]."  Plaintiffs' counsel further asserted that the bills of particulars in both actions were "virtually identical, especially with regard to the allegations of the negligence against the defendants.  Therefore, both cases essentially rely on the same questions of law and facts."  Additionally, plaintiffs' counsel asserted that plaintiffs should "have no need to take further depositions of the defendant parties or the nurses" because the allegations of negligence were "virtually identical."  The court granted the motion to consolidate in February 2009, but that decision apparently was never reduced to an order.

The Hospital defendants thereafter moved for leave to amend their answers in the *Hunter Lorenzo* action to include the affirmative defenses of collateral estoppel, res judicata and law of the case. They also moved to dismiss the complaint in the *Hunter Lorenzo* action against them with the exception of, in accordance with our decision in the prior appeal (*id.*), the allegation that Dr. Bartkowiak was negligent in failing to intervene when her supervisor, defendant Kenneth R. Kahn, M.D., directed her to perform a midline episiotomy. In opposing the motion, plaintiffs submitted an additional supplement to the bill of particulars in that action, wherein they alleged that the Hospital defendants were negligent "in failing to inform Dr. Kahn that there were some possible troubling issues with the fetal monitoring strip; failing to advise Dr. Kahn of the baby's position, crowning and molding; and failing to keep Dr. Kahn apprised of any other facts over an approximate twenty-four hour period" (additional allegations).  By the order in appeal No. 1, the court granted those parts of the motion for leave to amend the answers to include, inter alia, the affirmative defense of collateral estoppel and for dismissal of the complaint against the Hospital defendants with two exceptions within the negligence causes of action, i.e., the one set forth in the prior decision of this Court and the additional allegations.  We note that the court also granted the motion to the extent that it sought dismissal of the derivative cause of action, and plaintiffs have not taken a cross-appeal from that part of the order.

Subsequently, Dr. Kahn and defendant University Gynecologists & Obstetricians, Inc. (collectively, UGO defendants) moved to compel plaintiffs to appear for depositions, and the Hospital defendants cross-moved for an order striking plaintiffs' additional supplement to

the bill of particulars on the ground that judicial estoppel prevented plaintiffs from adding new claims. Alternatively, they sought the relief sought by the UGO defendants. By the order in appeal No. 2, the court, inter alia, denied the cross motion to the extent that it sought to strike plaintiffs' additional supplement to the bill of particulars.

Addressing first the order in appeal No. 2, we conclude that the court erred in denying the cross motion with respect to the additional supplement to the bill of particulars. "Judicial estoppel may be invoked to prevent a party from 'inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding' " (*Zanghi v Laborers Intl. Union of N. Am., AFL-CIO*, 21 AD3d 1370, 1372), where the party had prevailed with respect to the earlier position (*see Zedner v United States*, 547 US 489, 504). Here, judicial estoppel applies because the position taken by plaintiffs in opposition to the cross motion in the *Hunter Lorenzo* action is " 'directly contrary to or inconsistent with' " the earlier position they assumed in their motion to consolidate the two actions (*Zanghi*, 21 AD3d at 1372), and they prevailed with respect to that position. Plaintiffs contend that, although there was a prior judicial ruling in their favor on the motion to consolidate, that ruling was never reduced to an order, and they therefore did not prevail. We reject that contention. We also cannot agree with the position of the dissent that plaintiffs did not prevail on their motion because the actions have not in fact been consolidated. Rather, judicial estoppel applies because plaintiffs prevailed on their motion to consolidate when the motion was granted in open court (*cf. Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588). In our view, an order is not necessary for the invocation of judicial estoppel by the Hospital defendants.

In view of our decision in appeal No. 2, we conclude in appeal No. 1 that the Hospital defendants are entitled to the full relief sought in that part of their motion seeking dismissal of the complaint in the *Hunter Lorenzo* action against them with the exception of the allegation that Dr. Bartkowiak was negligent in failing to intervene when her supervisor, defendant Dr. Kenneth R. Kahn, directed her to perform a midline episiotomy. We therefore modify the order in appeal No. 1 accordingly.

All concur except PERADOTTO and CARNI, JJ., who dissent and vote to affirm in the following Memorandum: We respectfully dissent because, in our view, the doctrine of judicial estoppel is inapplicable to this case. We would therefore affirm the order in appeal No. 2.

As noted by the majority, plaintiff parents commenced a medical malpractice action seeking damages for injuries sustained by plaintiff mother and, derivatively, by plaintiff father based upon complications that arose during the delivery of their son, Hunter. As relevant here, the Hospital defendants, i.e., defendant Kaleida Health, doing business as Children's Hospital of Buffalo, also known as Woman's and Children's Hospital of Buffalo, also known as Kaleida Health, Inc. and defendant Liang Bartkowiak, M.D., a medical resident at Kaleida

Health, moved for summary judgment dismissing the complaint against them.  Supreme Court denied the motion, and on appeal this Court modified the order by granting the motion in part (*Lorenzo v Kahn*, 74 AD3d 1711, 1711-1712 [hereafter, *Dawn Lorenzo* action]).

While that appeal was pending, plaintiffs commenced this medical malpractice action on behalf of Hunter, seeking damages for injuries Hunter sustained as a result of defendants' alleged negligence in connection with his delivery (hereafter, *Hunter Lorenzo* action).  Plaintiffs thereafter moved to consolidate the two actions.  The record contains no papers submitted by defendants in opposition to the motion.  Although the record reflects that the court granted the motion to consolidate in a February 2009 bench decision, it is undisputed that no order to that effect was ever entered.  Further, it appears from the record that the two actions were not, in fact, consolidated.

After the issuance of this Court's decision in the *Dawn Lorenzo* action, the Hospital defendants sought leave to amend their answers in the *Hunter Lorenzo* action to include the affirmative defenses of collateral estoppel, res judicata, and law of the case.  They also moved to dismiss the complaint in the *Hunter Lorenzo* action against them with the exception of the allegation that Dr. Bartkowiak was negligent in failing to intervene when her supervisor, defendant Kenneth R. Kahn, M.D., directed her to perform a midline episiotomy – the sole surviving allegation against the Hospital defendants in the *Dawn Lorenzo* action in accordance with this Court's decision (*id.* at 1712-1713).  Plaintiffs opposed the motion and submitted an "additional supplement" to the bill of particulars in the *Hunter Lorenzo* action (hereafter, supplemental bill of particulars).  In their supplemental bill of particulars, plaintiffs allege that the Hospital defendants were negligent in, inter alia, failing to inform Dr. Kahn "that there were some possible troubling issues with the fetal monitoring strips"; failing to advise Dr. Kahn of the baby's "position, crowning, and molding"; and failing to keep Dr. Kahn "apprised of any other facts over an approximate twenty-four hour period" (hereafter, new allegations).

In appeal No. 1, the Hospital defendants appeal from an order granting those parts of their motion for leave to amend their answers to include, inter alia, the affirmative defense of collateral estoppel and for dismissal of the complaint against them with two exceptions within the negligence causes of action, i.e., the one set forth in the prior decision of this Court and the new allegations.  Dr. Kahn and defendant University Gynecologists & Obstetricians, Inc. subsequently moved to compel plaintiffs to appear for depositions, and the Hospital defendants cross-moved for, inter alia, an order striking plaintiffs' supplemental bill of particulars on the basis of judicial estoppel.  In appeal No. 2, the Hospital defendants appeal from an order that, inter alia, denied the cross motion to the extent that it sought to strike plaintiffs' supplemental bill of particulars.

With respect to appeal No. 2, we disagree with the majority that the court erred in denying that part of the cross motion seeking to

strike the supplemental bill of particulars on the ground of judicial estoppel.  The doctrine of judicial estoppel provides that, " '[w]here a party assumes a certain position in a legal proceeding, *and succeeds in maintaining that position*, he [or she] may not thereafter, simply because his [or her] interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him [or her]' " (*New Hampshire v Maine*, 532 US 742, 749, *reh denied* 533 US 968 [emphasis added], quoting *Davis v Wakelee*, 156 US 680, 689; *see Popadyn v Clark Constr. & Prop. Maintenance Servs., Inc.*, 49 AD3d 1335, 1336).  Thus, "if a party assumes a position in one legal proceeding *and prevails in maintaining that position*, that party will not be permitted to assume a contrary position in another proceeding simply because the party's interests have changed" (*Kilcer v Niagara Mohawk Power Corp.*, 86 AD3d 682, 683 [emphasis added]).

The underlying purpose of judicial estoppel is to protect the integrity of the judicial process (*see New Hampshire*, 532 US at 749-750).  Consequently, a key factor in determining the applicability of the doctrine of judicial estoppel is whether the party against whom the doctrine is asserted "has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations . . . , and thus poses little threat to judicial integrity" (*id.* at 750-751 [internal quotation marks omitted]; *see Kilcer*, 86 AD3d at 226 ["A litigant should not be permitted to lead a tribunal to find a fact one way and then attempt to convince a court in a different proceeding that the same fact should be found otherwise; the litigant should be bound by the prior stance that he or she clearly asserted"]).

Here, we conclude that the doctrine of judicial estoppel is inapplicable because plaintiffs did not "prevail[]" on their motion to consolidate (*Kilcer*, 86 AD3d at 683; *see Pierre v Mary Manning Walsh Nursing Home Co., Inc.*, 93 AD3d 541, 542; *Kvest LLC v Cohen*, 86 AD3d 481, 482; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588).  Although the justice to whom the case had been previously assigned apparently granted plaintiffs' consolidation motion from the bench, that decision was never reduced to an order and, more importantly, the record establishes that the two actions have not, in fact, been consolidated.  Thus, it cannot be said that plaintiffs " 'succeeded in persuading [the] court to accept [their] earlier position' " (*Zedner v United States*, 547 US 489, 504).

In any event, we disagree with the majority that the position taken by plaintiffs in the *Hunter Lorenzo* action is " 'clearly inconsistent' " with (*New Hampshire*, 532 US at 750) or "directly contrary" to (*Tobias v Liberty Mut. Fire Ins. Co.*, 78 AD3d 928, 929) the position they assumed in their motion to consolidate the two actions.  In his affirmation in support of consolidation, plaintiffs' counsel stated that the two actions were "*virtually* identical" and

"*essentially* rely on the same questions of law and facts," and that "the allegations of negligence against the defendants are *virtually* identical" (emphases added).  Plaintiffs' counsel never asserted, however, that there were no claims that were unique to the *Hunter Lorenzo* action and, indeed, he averred that plaintiffs might offer additional expert opinions relative to the infant's injuries.  In our view, plaintiffs' attorney was simply arguing that the two actions involved "common question[s] of law or fact" and should thus be consolidated for the convenience of the parties and the court (CPLR 602 [a]).  He was not admitting that, on the merits, the two cases were indistinguishable in fact and/or law.  Thus, the assertion of new allegations in the supplemental bill of particulars was not " 'clearly inconsistent' " with (*New Hampshire*, 532 US at 750) or "directly contrary" to (*Tobias*, 78 AD3d at 929) the position taken by plaintiffs in support of their consolidation motion (*see generally Private Capital Group, LLC v Hosseinipour*, 86 AD3d 554, 556), and the court did not err in denying defendants' cross motion to strike the supplemental bill of particulars.

     We have examined the Hospital defendants' contention in appeal No. 1 and conclude that it is without merit.  We would therefore affirm both orders.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court