■ SARATOGA COUNTY WATER AUTHORITY, Plaintiff and Third-Party Plaintiff-Respondent, v ROBERT E. GIBEAULT et al., Defendants. MALCOLM PIRNIE, INC., Third-Party Defendant-Appellant. [960 NYS2d 252]—

Stein, J. Appeal from that part of an order of the Supreme Court (Nolan Jr., J.), entered October 19, 2011 in Saratoga County, which denied a cross motion by third-party defendant for summary judgment dismissing the third-party complaint against it.

In 2007, the County of Saratoga obtained permanent rights-of-way and easements from various property owners—including defendant Debra J. Caccavo's deceased husband and defendants Wayne R. Smith and Caroline Smith—in the Town of Moreau, Saratoga County, for the purpose of installing and operating a water line. To assist the County in obtaining the required easements, it retained third-party defendant, Malcolm Pirnie, Inc., to perform various services, including "assisting the County in acquiring easements on real property from real property owners to install the water . . . line." Once the easements were obtained, the County assigned them to plaintiff, the public wa-

ter authority responsible for the County's water system. Construction and installation of the water line commenced in 2008. However, adjacent property owners, defendants Robert E. Gibeault and Jill A. Gibeault, asserted ownership of certain property over which plaintiff claimed that it had valid easements and was installing the water line. After installation of the water line was complete, the Gibeaults filed a correction deed dated December 11, 2008, which purported to correct a deed from 1977 between Robert Gibeault and the individual from whom he purchased his property. The correction deed set property line boundaries that would result in certain of plaintiff's easements falling within the Gibeaults' property.

As a result of this dispute, plaintiff commenced the instant action against, among others, the Gibeaults seeking a judgment pursuant to RPAPL article 15 and a declaratory judgment establishing that it had free and unfettered access to the easements at issue here. Plaintiff also sought an injunction preventing the Gibeaults from interfering with or obstructing its use of the easements, as well as compensatory and punitive damages and counsel fees. The Gibeaults filed an answer with counterclaims alleging, as relevant here, that they were the owners of the subject property and that plaintiff's installation and use of the water line constitutes a continuing trespass and taking, poses a safety risk to them and has reduced the value of their property. Plaintiff filed an answer to the counterclaims and also asserted a "third-party action" against Malcolm Pirnie for indemnification and contribution.

In a March 2011 order, Supreme Court denied motions by each of the parties for summary judgment.[1] Plaintiff then moved to reargue, and Malcolm Pirnie cross-moved for summary judgment dismissing plaintiff's claims against it.[2] The court denied the motions, prompting Malcolm Pirnie to appeal.

We affirm. As Malcolm Pirnie framed the issues raised by its cross motion for summary judgment, it had the burden of establishing that it was not negligent as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Lewiarz v Travco Ins. Co., 82 AD3d 1464, 1466 [2011]). In support of its cross motion, Malcolm Pirnie points to the fact that, in the March 2011 order, Supreme Court found that a search of the public records and an examination of the chains of title to the subject property would not have revealed a connection between

1. Malcolm Pirnie's motion sought summary judgment dismissing the Gibeaults' counterclaims against plaintiff.
2. The Gibeaults also moved to renew their motion for summary judgment.

such property and the Gibeaults. Malcolm Pirnie claims that this finding constitutes the law of the case (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]) and, as a result, plaintiff cannot establish that it was negligent in the manner in which it obtained the easements. We disagree. The court's earlier finding does not foreclose a finding of negligence on the part of Malcolm Pirnie, as plaintiff asserts that the Gibeaults put Malcolm Pirnie on notice of their claims of ownership of the subject property and Malcolm Pirnie did not do enough outside the search of the public documents to ascertain the proper boundary lines in connection with the easements.

In this regard, Malcolm Pirnie relies upon the affidavit of a surveyor who outlined those steps that should be taken—in addition to searching the public records—when easements are acquired from landowners. Such steps include "a site visit . . . and a field survey . . . using . . . any ground markers," as well as consultation with surrounding property owners. The surveyor concluded that these steps were completed here. However, even assuming that this affidavit was sufficient to meet Malcolm Pirnie's initial burden of demonstrating its entitlement to summary judgment (*see Dewey v Gardner*, 248 AD2d 876, 878 [1998]), plaintiff has presented admissible proof in opposition, establishing the existence of questions of fact as to whether Malcolm Pirnie was negligent in the manner in which it performed under its agreement with the County which could trigger a duty to indemnify. For example, plaintiff points to the affidavit of Robert Gibeault, in which he asserts that the Gibeaults refused all offers made to them to sell an easement to plaintiff, that they notified plaintiff and its agents that they had a claim of ownership to the subject property both before and during the water line installation process and that "[p]laintiff's agents grew increasingly dismissive and unapologetic" to their concerns. Significantly, the Gibeaults also asserted that they confronted agents of plaintiff working on the site, pointing out various boundary-line landmarks that they claimed were evidence of their ownership of the subject property, but that Malcolm Pirnie directed workers on the site to remove any impediments on the property, including such landmarks. If found credible, such evidence could establish that the Gibeaults put Malcolm Pirnie on notice of their claims of ownership of the subject property and that Malcolm Pirnie did not do enough to ascertain the appropriate boundary lines as a result of the Gibeaults' claims. Considering these unresolved factual issues and the fact that Malcolm Pirnie's obligations under its agree-

ment with the County are unclear,[3] we are unable to conclude, as a matter of law, that Malcolm Pirnie was not negligent in the manner in which it procured the easements or that a duty to indemnify did not arise. As a result, its cross motion for summary judgment dismissing plaintiff's claims against it was properly denied.

Finally, we reject Malcolm Pirnie's contention that judicial estoppel precludes plaintiff from asserting that it was negligent because plaintiff had previously claimed that the Gibeaults were not the record owners of the subject property. Inasmuch as plaintiff has not yet succeeded in maintaining its position that the Gibeaults' claims to ownership rights over the subject property are invalid, the doctrine is not applicable (*see Kilcer v Niagara Mohawk Power Corp.*, 86 AD3d 682, 683 [2011]; *Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 846-847 [2011], *lvs dismissed* 16 NY3d 890 [2011], 18 NY3d 911 [2012]; *Town of Caroga v Herms*, 62 AD3d 1121, 1124 [2009], *lv denied* 13 NY3d 708 [2009]; *Popadyn v Clark Constr. & Prop. Maintenance Servs., Inc.*, 49 AD3d 1335, 1336 [2008]). Moreover, we see nothing inherently contradictory in plaintiff's position that the Gibeaults do not own the subject property, but that if the easements are ultimately determined to be invalid, Malcolm Pirnie should be held responsible for its alleged negligence in procuring the easements.

Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** The agreement between the County and Malcolm Pirnie does not appear in the record.