Cuprys v Volpicelli (2019 NY Slip Op 02405)





Cuprys v Volpicelli


2019 NY Slip Op 02405


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527042

[*1]EDWARD CUPRYS, Respondent,
v
RONALD VOLPICELLI, Appellant.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


McNamee Lochner PC, Albany (Ryan Coyne of counsel), for appellant.
John R. Seebold, Schenectady, for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered February 12, 2018 in Schoharie County, which partially denied defendant's motion for summary judgment.
In June 2014, defendant bought plaintiff's home at a tax foreclosure sale and took possession of the property, which is located in the Town of Gilboa, Schoharie County. Although plaintiff had not occupied the home for several months when it was acquired by defendant, his personal property remained in the home. When defendant began cleaning the home, he retained certain items of personal property that he believed would be of value to plaintiff and discarded the remainder of plaintiff's personal property. Plaintiff commenced this action in May 2015 asserting, as relevant here, causes of action for conversion, replevin and trespass to chattels. Following completion of discovery, defendant moved for summary judgment dismissing said causes of action or, alternatively, for an order limiting the damages for conversion to a maximum of $4,750 — the value that plaintiff assigned to his tangible personal property in his 2009 bankruptcy petition. Supreme Court dismissed the cause of action for trespass to chattels, ordered that defendant deliver to plaintiff the personal property then remaining in defendant's possession, dismissed plaintiff's conversion claim only to the extent that it sought damages for property that remained in defendant's possession and declined to limit plaintiff's damages for conversion to $4,750. Defendant appeals.
"Conversion is an unauthorized exercise of dominion and control over property by someone other than the owner, where such control interferes with and is in defiance of the superior possessory right of the owner or another person. While one dispossessed of real property through an eviction has an obligation to remove his or her personal property, and the owner of such real property may recover reasonable expenses for the removal of goods left on the premises, retention by the owner of goods belonging to the dispossessed person after demand for their return constitutes conversion" (Miller v Marchuska, 31 AD3d 949, 950 [2006] [citations omitted]). "If possession of the property is originally lawful, a conversion occurs when the defendant refuses to return the property after a demand or sooner disposes of the property" [*2](Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [1995] [emphasis added; citations omitted]).
Defendant admitted that he disposed of a significant quantity of plaintiff's personal property, consisting of mattresses, anything comprised of or containing fabric, carpets, bed frames, various items that had been stored on shelves throughout the house, a refrigerator, a stove, a dishwasher, pots and pans and the contents of kitchen and bathroom cabinets. Defendant testified that the discarded items filled two 30 cubic-yard dumpster containers that were removed from the property in July 2014, approximately one month after he took possession of the property. Defendant's admission that he disposed of plaintiff's property without plaintiff's permission established a prima facie cause of action for conversion and prevented defendant from making a prima facie showing of entitlement to summary judgment dismissing this claim. Defendant's argument that he was justified in disposing of the items that were discarded because they were damaged and of little or no value does not excuse wrongful conversion but, rather, is relevant to the extent, if any, of plaintiff's damages. Accordingly, Supreme Court properly declined to grant summary judgment dismissing the cause of action for conversion.
Defendant also contends that Supreme Court erred by declining to find that plaintiff was judicially estopped from claiming damages for conversion in excess of $4,750. We agree. "Where a party assumes a position in one legal proceeding and succeeds in maintaining that position, that party may not subsequently assume a contrary position in a second proceeding because [his or her] interests have changed" (Kittner v Eastern Mut. Ins. Co., 80 AD3d 843, 846 [2011] [internal quotation marks, brackets and citations omitted], lvs dismissed 16 NY3d 890 [2011], 18 NY3d 911 [2012]). In that regard, "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets" (Moran Enters., Inc. v Hurst, 160 AD3d 638, 640 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 908 [2018]). The doctrine applies where, as here, the bankruptcy court relied on the representations in a bankruptcy petition in approving a plan of reorganization (see Donaldson v Bernstein, 104 F3d 547, 555-556 [3rd Cir 1997]).
In his 2009 bankruptcy petition, plaintiff represented that the total value of his tangible personal property, including furniture, clothing and the contents of the house, was $4,750 — a value that Bankruptcy Court relied upon in confirming plaintiff's plan of reorganization. Notably, plaintiff also represented in a 2012 bankruptcy petition that the value of these items had declined to $4,000. Thus, he is judicially estopped from now claiming that the same property has a value exceeding $100,000 — more than 20 times the value previously asserted (see Kittner v Eastern Mut. Ins. Co., 80 AD3d at 846).
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to limit plaintiff's damages for conversion to a maximum of $4,750; motion granted to said extent; and, as so modified, affirmed.